**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**JAYLEN DALAINO BELL,**

**Plaintiff,**

**Civil Action No. 2:25-cv-00198**

**v.**

**DAVID KYLE MOORE,**
*in his official and individual capacity as*
*Prosecuting Attorney for Jackson County,*
*West Virginia*,

**Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the Plaintiff's "Complaint for Identity Theft, Invasion of Privacy, and Constitutional Violations" (ECF No. 1). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2) Having examined the "Complaint"[1] (ECF No. 2), the undersigned concludes that this case must be dismissed given this Court enjoys inherent authority to dismiss complaints at any time if the Court

[1] While it is the undersigned's practice to allow *pro se* litigants to amend their complaints when upon initial review, there appears no cognizable claim for relief, the undersigned has no confidence that this particular litigant will be able to comply with that directive given this Plaintiff's previous failure to comply with the Court's Order in Civil Action No. 2:25-cv-00134 (ECF No. 6).

determines that the action fails to state a claim for which relief can be granted.[2] [3]

## Factual Allegations

The Plaintiff brings this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and alleges that the Defendant, the prosecuting attorney for Jackson County, West Virginia, while acting under color of law and within the scope of his official duties, initiated an Interstate Identification Index (also known colloquially as a "Triple I report") criminal background inquiry on January 30, 2023, subsequent to the Plaintiff's arrest on or about January 3, 2021 (ECF No. 1 at 2). This resulted in the acquisition of the Plaintiff's Social Security Number ("SSN") (Id.). The Plaintiff asserts that he did not consent to his personal identifying information being obtained and the Defendant's actions have exposed the Plaintiff to an "increased risk of identity fraud, financial harm, and reputational damage, and have caused severe emotional distress." (Id. at 3) The Plaintiff states that he only recently learned of the Defendant's unauthorized acquisition of his personal data (Id.).

---

[2] See Ross v. Baron, 493 Fed.Appx. 405, 406 (4th Cir. 2012)("frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid); see, e.g., Mallard v. United States Dist. Court, 490 U.S. 296, 307–08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); Fitzgerald v. First E. Seventh St., 221 F.3d 362, 364 (2d Cir. 2000); see also, Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181-83 (7th Cir. 1989)(because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process if permitted); and see, e.g., Cabbill v. United States, 2015 WL 6905072, at *5 (D.S.C. Nov. 9, 2015).

While the undersigned notes the Plaintiff failed to file an Application to Proceed Without Prepayment of Fees or Costs, or pay the filing and administrative fee in this action, it is noted that this particular Plaintiff has filed numerous lawsuits in this Court recently, and had in *those* cases, filed the appropriate paperwork to proceed *in forma pauperis*. See Case No. 2:25-cv-00132, ECF Nos. 1, 2, 3; Case No. 2:25-cv-00134, ECF Nos. 1, 2; Case No. 2:25-cv-00155, ECF No. 1; Case No. 2:25-cv-00196, ECF No. 1. In any event, for the reasons set forth herein, the undersigned declines to direct this Plaintiff to submit the Application to Proceed Without Prepayment of Fees or Costs, or pay the filing and administrative fee.

[3] Because the Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

The Plaintiff alleges five claims against the Defendant: for Count I, identity theft in violation of 18 U.S.C. § 1028; for Count II, the West Virginia state common law claim of invasion of privacy; for Count III, violation of the Privacy Act, 5 U.S.C. § 552a; for Count IV, violations of the Plaintiff's Fourth and Fourteenth Amendment rights; and for Count V, violation of the West Virginia Identity Theft Statute pursuant to W. Va. Code § 61-3-54. (Id. at 3-4)

The Plaintiff asks for declaratory and injunctive relief, compensatory and punitive damages, statutory damages, reasonable attorney fees and costs and for any other relief this Court deems just and proper. (Id. at 4)

**The Standard**

As noted *supra*, the Complaint is subject to pre-service screening. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. Although the standards for screening pursuant to Section 1915A and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory. Nancy v. Kelly, 912 F.2d 605, 607 (2nd Cir. 1990). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se*

Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[4], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

[4] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

**Analysis**

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. § 1331 provides that the Federal Courts have jurisdiction over cases involving federal questions: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

No Private Right of Action to Prosecute Criminal Statutes:

As an initial matter, it is noted that the Plaintiff has alleged the Defendant violated both a federal and a state criminal statute. Thus, to the extent that the Plaintiff intends to initiate criminal proceedings against the Defendant, this is impermissible. See Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also, Hester v. West Virginia, 2008 WL 4298471, at *6 (S.D.W.Va. Sept. 18, 2008)("no private right of action can be inferred from 18 U.S.C. §§ 241, 242")(Johnston, J.); see also, Young v. Herald, 2005 WL 1048117, * 8 (E.D. Ky. May 3, 2005)(the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); Inmates of Attica Correctional Facility v. Rockefeller, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). Accordingly, the Plaintiff's claims alleging violations of 18 U.S.C. § 1028 and W. Va. Code § 61-3-54 should be dismissed with prejudice.

Younger-Abstention Doctrine:

Based on the Plaintiff's own allegations, as well as his allegations set forth in his Petition for Habeas relief (see Case No. 2:25-cv-00155, ECF No. 2-1), it is clear that there are ongoing criminal proceedings in Jackson County, West Virginia, and that those proceedings are related to the issues raised herein. Accordingly, this Court should abstain from exercising subject matter jurisdiction over the Plaintiff's claims based upon the Younger-abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the Younger abstention doctrine applies in the instant case, as there is no indication from the Plaintiff's claims that the State-initiated proceedings have concluded. Despite the Plaintiff's conclusory allegations that the Defendant's Brady discovery disclosures shows his personal data, as part of the official criminal proceedings, the Plaintiff provides no grounds that support any of the enumerated Nivens exceptions to the Younger mandate: the Plaintiff fails to show improper prosecution against him in State court, or facts supporting a claim for *unreasonable* harassment that comports with the bad faith exception.

It is also notable that the Plaintiff is seeking a species of injunctive or declaratory relief, to the extent that he wants this Court to "[e]nter a judgment against Defendant for identity theft, invasion of privacy, constitutional violations, and statutory violations . . . [i]ssue injunctive relief enjoining Defendant from further unauthorized acquisition or use of Plaintiff's personal information" (ECF No. 1 at 4, ¶¶ A, F). Courts have long recognized that such extraordinary remedies may only be used sparingly and in limited circumstances. See, e.g., Sarsour v. Trump, 245 F.Supp.3d 719 (E.D. Va. Mar. 24, 2017). To prevail on such a remedy, the Plaintiff bears the burden to establish that (1) he is likely to succeed on the merits of his case; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in his favor; and (4) an injunction would be in the public interest. See Fed. R. Civ. P. 65. This Court can exercise no jurisdiction over the parties and matters indicated in the Plaintiff's Complaint, therefore, this Court is unable to provide injunctive relief in accordance with the Plaintiff's request, particularly given how facially absurd they are. Since there has been no appreciable showing that such an extraordinary remedy would be in the public interest, or that the Plaintiff is likely to suffer any irreparable harm in the absence of same, to the extent these particular prayers for relief can be

construed as requests for injunctive relief they must be denied.

Legal Immunities:

Given the Plaintiff's *de minimis* factual allegations against the Defendant, he has failed to state a claim against the Defendant upon which relief can be granted. The Defendant is a prosecutor, and the Plaintiff's allegations solely concern the disclosure of the Plaintiff's Triple I report during ongoing criminal proceedings. To that extent, the Defendant is entitled to absolute immunity: prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associated with the judicial phase of the criminal process. Van de Kamp v. Goldstein, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. Id., 555 U.S. at 342, 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128) (1976). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993) (quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2) presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to control the presentation

of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." Buckley, 509 U.S. at 272, 113 S.Ct. at 2615 (quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996); Van de Kamp, 555 U.S. at 434, 129 S.Ct. at 861; Dababnah v. Keller-Burnside, 208 F.3d 467, 471 - 472 (4th Cir. 2000) (stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].")

Furthermore, a prosecutor is entitled to absolute immunity even if he or she "acted with an improper state of mind or improper motive." Shmueli v. City of New York, 424 F.3d 231, 237 (2nd Cir. 2005); also see Smith v. McCarthy, 349 Fed.Appx. 851, 859 (4th Cir. 2009), *cert. denied*, 562 U.S. 829, 131 S.Ct. 81, 178 L.Ed.2d 26 (2010); Brown v. Daniel, 230 F.3d 1351 (4th Cir. 2000) ("[T]o the extent [plaintiff] alleges that the prosecutors engaged in misconduct during the prosecution of this case . . ., the prosecutors are absolutely immune."). Thus, prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. Burns, 500 U.S. at 490-92, 111 S.Ct., at 1941-42 ("A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable-cause hearing . . .."); Imbler, 424 U.S. at 422, 96 S.Ct. 984 at 991 (citing Yaselli v. Goff, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927)) (finding prosecutor entitled to absolute immunity for allegations that he "maliciously and without probable cause procured plaintiff's grand jury indictment by the willful introduction of false and misleading evidence."); also see Brown v. Daniel, 230 F.3d at 1352; Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996); Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994), cert. denied,

513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed2d 1068 (1995). Although prosecutors may be entitled to absolute immunity, prosecutors are subject to criminal and professional sanctions for prosecutorial abuses. Imbler, 424 U.S. at 429, 96 S.Ct. at 994; Malley v. Briggs, 475 U.S. 335, 343, n. 5, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It is well recognized that "[a]bsolute prosecutorial immunity 'is not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.' " Dababnah, 208 F.3d at 471 (quoting Kalina v. Fletcher, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997)). The Imbler Court determined the importance of protecting the integrity of the prosecutor's office and the judicial system outweighs the desire to afford civil redress to a wronged defendant. Imbler, 424 U.S. at 427 - 429, 96 S.Ct. at 993 - 994.

In the instant case, the Plaintiff only complains the Defendant violated his constitutional rights (and an assortment of other claims) due to his involvement in the prosecution of Plaintiff's criminal case. Notably, the Plaintiff's allegations demonstrate that the Defendant complied with his disclosure obligations pursuant to Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and produced the information contained in the Triple I report to the Plaintiff's defense counsel. To that extent, the Defendant would be entitled to absolute prosecutorial immunity from Plaintiff's Section 1983 claims concerning any decision he made concerning the prosecution of Plaintiff's State charges pursuant to Imbler. Even assuming *arguendo* that the Defendant acted outside of his prosecutorial functions, he would be entitled to qualified immunity.[5] In sum, the Plaintiff's claims against the Defendant simply do not rise to the level of

[5] It is significant that the Plaintiff's complaint and supporting exhibit indicate that his claims concern events surrounding his arrest for a felony drug trafficking offense on January 3, 2021, eventually leading to his indictment on the charge, for which the Plaintiff is now alleging unreasonable search and seizure, as well as violations to his due process and equal protection rights (See ECF No. 1 at 4, ¶ 23, 24). On that note, the Plaintiff's common law claim for

any constitutional violation, because he fails to allege any factual support for his claims that would survive scrutiny under the Iqbal and Twombly heightened pleading standard.[6] Thus, the Plaintiff's claim against the Defendant should be dismissed.

Privacy Act Inapplicable to Individual Officials:

The Plaintiff's claims under the Privacy Act are likewise doomed, because not only does the Plaintiff have to show "actual damages", as opposed to generalized and threadbare allegations of damages as set forth in his complaint,[7] he is precluded from filing such an action against an individual official. See Haywood v Owens, 2019 WL 2292548, at *2-3 (D.S.C. Apr. 23, 2019) (failure to state a claim for violation of Privacy Act because it is inapplicable to individual officials), *report and recommendation adopted*, 2019 WL 2284931 (D.S.C. May 29, 2019); see also, White v. Cain, 2011 WL 1087489, at *7 (S.D.W.Va. Mar. 21, 2011)(Goodwin, J.) (plaintiff's Privacy Act claim against individual officer dismissed because no remedies provided against individual officials). Therefore, the Plaintiff's Privacy Act claim against this Defendant should be dismissed.

---

invasion of privacy is likely precluded by the applicable statute of limitations for bringing such claims – which is one year from a reasonable awareness of such acts, and the Plaintiff did not file this action until March 25, 2025. See Christman v. American Cyanamid Co., 578 F.Supp. 63 (N.D.W.Va. Aug. 31, 1983). While the Plaintiff has alleged he "only learned . . . recently" of this alleged identity theft, he attaches an exhibit that indicates his defense attorney received supplemental discovery from the Office of the Jackson County Prosecuting Attorney on February 2, 2023 via facsimile (See ECF No 1-1). This included the Plaintiff's SSN and other personal identifying data gleaned from the "Interstate Identification Index CIB From for the [Plaintiff]" (Id.). Although there is no evidence before the Court that the Plaintiff's defense counsel failed to share this information with the Plaintiff, it does render his claim of only recently having discovered the alleged unauthorized acquisition of his personal data suspect, or at least strains credibility. Regardless of any statute of limitations concerns, the Court lacks jurisdiction to consider such claims as being frivolous. See, e.g., Cooper v. Rubenstein, 2014 WL 2765698 (S.D.W.Va. May 21, 2014), *report and recommendation adopted*, 2014 WL 2765717 (S.D.W.Va. Jun. 18, 2014).

[6] See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

[7] See Doe v. Chao, 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004)(holding that a claimant who provided his SSN on application for benefits under Black Lung Benefits Act not entitled to award from Department of Labor disclosing his SSN in violation of Privacy Act because he failed to show actual damages as a result of violation).

For the reasons stated herein, the undersigned respectfully recommends that the Plaintiff's Complaint be dismissed with prejudice.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DISMISS** the Plaintiff's Complaint (ECF No. 1) and remove this matter from the Court's docket. The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

**ENTER**: April 9, 2025.

Omar J. Aboulhosn
United States Magistrate Judge

